IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL DUANE CHANEY,

    Plaintiff,               No. CIV S-05-0131 MCE DAD P

    vs.

DR. STEEVER, et al.,         <u>ORDER</u>

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $3.16 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

Here, plaintiff contends that his medical chrono which allowed him to have an extra mattress or egg-crate mattress was improperly rescinded by staff at California Medical Facility. Plaintiff names as defendants his treating physician, the chief medical officers, a medical technician (MTA), the chief deputy of clinical services, the inmate appeals examiner, and the chief of inmate appeals. Plaintiff contends that the medical chrono was issued from another facility and that because he suffers from a fractured spine and scoliosis, without the special bedding he has been subjected to unnecessary pain and suffering. Plaintiff seeks five million dollars in compensatory damages, another five million dollars in punitive damages, declaratory relief, and injunctive relief which would require that his chrono be permanently honored at all correctional facilities. Plaintiff attaches a copy of the administrative decision at the Director's level of review. The decision notes that although a January 23, 2003 radiology report showed a mild compression fracture, a radiology report dated July 3, 2003, shows "only minimal slight anterior wedging of T-12." (Compl., Attach. "Director's Level Appeal Decision," dated June 2, 2004, at 1.) At the Director's level of review it was determined that plaintiff's physical examination and recent radiology report do not support plaintiff's request for a second mattress or egg-crate mattress. (Id.)

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A claim of constitutionally inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury of the 'unnecessary and wanton infliction of pain.'" 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60.

3

1          Next, plaintiff must provide allegations to demonstrate that defendants responded
2  to the serious medical need with deliberate indifference.  Before it can be said that a prisoner's
3  civil rights have been abridged with regard to medical care, "the indifference to his medical
4  needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not
5  support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.
6  1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of mind more
7  blameworthy than negligence" and "requires 'more than ordinary lack of due care for the
8  prisoner's interests or safety."  Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Whitley v.
9  Albers, 475 U.S. 312, 319 (1986)).  Also, mere differences of opinion between a prisoner and
10 prison medical staff as to proper medical care do not give rise to a § 1983 claim.  See Sanchez v.
11 Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.
12 1981).

13         Plaintiff has not provided sufficient allegations demonstrating deliberate
14 indifference on the part of the defendants to his medical needs.  According to the Director's level
15 decision, there was a more recent radiology report that did not medically support plaintiff's
16 request for a second mattress or egg-crate mattress.  Although plaintiff may disagree with this
17 assessment, a difference of opinions does not establish deliberate indifference.  Therefore, the
18 court will dismiss the complaint and grant plaintiff leave to file an amended complaint so that he
19 may allege any additional facts that he believes suggest deliberate indifference rather than a mere
20 difference of opinion regrading his medical care.

21         If plaintiff chooses to amend the complaint, plaintiff must allege in specific terms
22 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
23 there is some affirmative link or connection between a defendant's actions and the claimed
24 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
25 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff has named defendants who
26 hold supervisory positions.  Supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.16. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use

1 the form complaint provided by the court; plaintiff must file an original and two copies of the
2 amended complaint; failure to file an amended complaint in accordance with this order will result
3 in a recommendation that this action be dismissed.
4      5. The Clerk of the Court is directed to provide plaintiff with a copy of the court's
5 form complaint for a § 1983 action.
6 DATED: October 10, 2005.

                              */s/ Dale A. Drozd*
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE

DAD:4
chan0131.14